UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
GABRIEL DEVIA, *individually*
*and on behalf of others similarly situated*          CASE NO:

*Plaintiff(s),*

vs.

LYSBETH REALTY ASSOCIATES, LLC,
a New York limited liability company,
WENJON ASSOCIATES, LLC, a New York
limited liability company,
WENDI BLACK STRIER, an individual,
ALYSSA BLACK, an individual,
and ELAINE BROWNSTEIN, an individual,

*Defendants.*
-----------------------------------------------------------X

## COMPLAINT

Plaintiff, GABRIEL DEVIA ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Law Offices of Nolan Klein, P.A., hereby sues LYSBETH REALTY ASSOCIATES, LLC, WENJON ASSOCIATES, LLC, WENDI BLACK STRIER, ALYSSA BLACK, and ELAINE BROWNSTEIN (collectively "Defendants"), and alleges:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), for violations of the Wage Theft Prevention Act, NYLL §§ 195(1) and 195(3), and for violations of the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (the

101597v1.1

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

2. Plaintiff further seeks certification of this action as a class and collective action on behalf of Plaintiff individually, and on behalf of all other similarly situated employees and former employees of Defendants pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants operate in this District, and Plaintiff's employment with Defendant took place in this District.

## PARTIES

5. Plaintiff is over the age of 18 years, *sui juris*, and is a resident of the State of New York.

6. Defendant, LYSBETH REALTY ASSOCIATES, LLC ("LYSBETH") is a New York limited liability company that owns and operates that certain multi-unit residential building located at 41-69 Parsons Blvd., Flushing, New York.

7. Defendant, WENJON ASSOCIATES, LLC ("WENJON"), is a New York limited liability company that owns and operates that certain multi-unit residential building located at 41-42 Parsons Blvd., Flushing, New York (LYSBETH and WENJON are collectively referred to as the "Corporate Defendants").

8. On information and belief, Individual Defendant, WENDI BLACK STRIER, is over the age of 18 years, *sui juris*, and owns (in whole or in part), operates, controls and/or manages the

Corporate Defendants, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant business.

9. On information and belief, Individual Defendant ALYSSA BLACK, is over the age of 18 years, *sui juris*, and owns (in whole or in part), operates, controls and/or manages the Corporate Defendants, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant business.

10. On information and belief, Individual Defendant ELAINE BROWNSTEIN, is over the age of 18 years, *sui juris*, and owns (in whole or in part), operates, controls and/or manages the Corporate Defendants, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant business.

11. Individual Defendants are sued herein individually in their capacities as, on information and belief, owners, officers and/or agents of Corporate Defendants.

12. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

13. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

14. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

15. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

16. At all relevant times, Plaintiff was and is an employee of the Defendants within the meaning of the FLSA and NYLL.

17. Plaintiff worked for Defendants for twenty-seven years, from 1997, through and including the present date. Plaintiff took a nine-month medical leave of absence starting in July 2023 and returned to work in April 2024.

18. For the first ten (10) years of his employment, Plaintiff was employed as a porter, and since approximately 2007 until the present, he has been employed as a building superintendent for both buildings owned and operated by the Corporate Defendants, and his duties include renovation, maintenance, and cleaning of both residential buildings.

19. Plaintiff regularly handled goods that had traveled through interstate commerce, including materials and tools necessary to perform repairs, maintenance, and cleaning of the buildings.

20. Plaintiff works six days per week, Monday through Saturday, starting at 9:00 a.m., and continuing until all work required for the day is complete. Plaintiff typically works between 8 to 12 hours per day, or between 48 and 72 hours per week. Additionally, Plaintiff is on call and required to respond to emergencies seven days per week, twenty-four hours per day.

21. Since his return to work in April 2024, Plaintiff has been paid on an hourly basis, and Defendants have tracked his time, and hired other employees to ensure that no overtime is worked. Prior to his medical leave (prior to July 2023), Plaintiff was paid an annual salary of $82,500.00 per year ($3,250.00 biweekly), had no one to assist with his duties, and worked the hours as set forth above.

22. At no point prior to July 2023 did the defendants track Plaintiffs' work hours.

23. Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

24. Defendants failed to pay Plaintiff spread of hours pay for days on which his workday lasted ten (10) or more hours.

4

25. Defendants failed to provide Plaintiff with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

26. Defendants failed to provide Plaintiff, at the time of hiring, a statement in English and the employee's primary language (in this case, Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

27. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant business.

28. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

## RULE 23 CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on his own behalf, and as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of individuals defined as follows: Any and

5

all individuals employed by Defendants at Defendants' business at any time during the six-year period preceding the date on which this complaint was filed (the "Class").

30. Excluded from the Class is any person who is an executive, professional, managerial, or other employee of Defendants who is exempt from coverage under the NYLL and FLSA, and not subject to protection of those laws.

31. The members of the class are so numerous that joinder of all Class members is no practical. The size of the class will be determined through discovery.

32. Plaintiff's claims are typical of those of the Class. Plaintiff, along with every member of the Class, has suffered violations of applicable labor laws, including each of the violations complained by Plaintiff herein.

33. Plaintiff will adequately protect the interest of all members of the Class and has retained competent legal counsel experienced class action litigation as well as FLSA and NYLL litigation. Plaintiff has no interest that are contrary to the interests of the Class.

34. A class action is by far the most efficient way by which to resolve all FLSA and NYLL claims belonging to any current or former employee of Defendants, which occurred at any time within the relevant limitations period. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendants, for members of the Class, and for courts of this District.

35. Common questions of law and fact prevail with respect all members of the Class predominate over questions applicable solely to individual Class members. Among such common question of law and fact is whether Defendant has violated its state and federal legal obligations by failing to comply with FLSA and NYLL requirements in the manner alleged by Plaintiff herein, such that all members of the Class are owed minimum,

overtime, and/or spread of hours pay, as well as damages for failure to provide required wage and other notices.

36. Plaintiff knows of no special or unique difficulty that would be encountered in the management of litigation that might preclude its maintenance as a class action.

37. The names and addresses of Class members are readily discernable from the Defendants' business records. Notice of this case to each member of the Class, along with notice to each member of the Class that he/she will need to opt-out of the Class or otherwise be barred from pursuing future action, can be delivered by U.S. Mail, or electronic mail (where applicable), using technique and a form of notice similar to those customarily used in class action litigation in the District, and can additionally be posted at Defendants' place of business, or by other means that are likely to reach members of the Class.

## FLSA COLLECTIVE ACTION CLAIMS

38. Plaintiff brings his FLSA overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

39. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime.

40. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the minimum wage provisions of the NYLL and NYCRR)

41. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth here.

42. Defendants paid Plaintiff less than the minimum wage for superintendents/janitors in violation of New York law.

43. Defendants' failures in this regard were willful.

44. Plaintiff was damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

45. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth here.

46. Defendants failed to pay Plaintiff and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked more than forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

47. Defendants' failure to pay Plaintiff and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

48. Plaintiff and the FLSA Class members were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Overtime Provisions of the NYLL)

49. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

50. Defendants failed to pay Plaintiff and the NYLL Class overtime compensation at rates of one- and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

51. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and it has not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and the Class members. As such, Defendants' noncompliance with the NYLL was willful within the meaning of NYLL § 663.

52. As a proximate result of Defendants' unlawful conduct, Plaintiff and the Class members have suffered economic damages in the form of unpaid overtime wages in an amount to be determined at trial and are entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the NYLL in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(Violation of the Spread of Hours Wage Order of the NYLL**
**and NY Commissioner of Labor)**

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendants failed to pay Plaintiff and the Class members one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff and/or the Class members' spread of hours was ten hours or more in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. §§ 146-1.6.

55. Defendants' failure to pay Plaintiff and the Class members an additional hour's pay for each day Plaintiff and/or the Class members' spread of hours was ten hours or more was willful, and lacked a good-faith basis within the meaning of the NYLL § 663.

56. Due to Defendants' NYLL violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid spread of hours compensation, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL §§198 and 663(1), and if this case is not certified as a class action, Plaintiff is entitled to recover liquidated damages as well.

## FIFTH CAUSE OF ACTION
### (Violation of the Notice and Recordkeeping Requirements of the NYLL)

57. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein. Defendants failed to provide Plaintiff and the NYLL Class with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

58. Defendants are liable to Plaintiff and the NYLL Class in the amount of $5,000 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### (Violation of the Wage Statements Provision of the NYLL)

59. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

60. Defendants never provided Plaintiff and the NYLL Class with wage statements upon each payment of wages, as required by NYLL 195(3).

61. Defendants are liable to Plaintiff and the NYLL Class in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency

of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

  b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

  c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

  d) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

  e) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

  f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

  g) Awarding Plaintiff and the Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  h) Awarding Plaintiff and the Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

  i) Awarding Plaintiff and the Class members unpaid spread of hours pay;

  j) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  k) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

l)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

m)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable by a jury.

May 22, 2024

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Ste. 500
Boca Raton, FL 33431
Tel:    (954) 745-0588
**By:**  */s/ Nolan Klein*
**NOLAN KLEIN, ESQ. (NK4223)**
klein@nklegal.com
amy@nklegal.com

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I, **GABRIEL DEVIA**, am an employee currently or formerly employed by **LYSBETH REALTY ASSOCIATES, LLC, and WENJON REALTY ASSOCIATES, LLC,** and/or related persons or entities. The allegations set forth in this Complaint have been explained to me and are true and correct to the best of my knowledge, information, and belief. I have consented to be a plaintiff in the above-captioned action to collect unpaid wages and other damages.

*Gabriel Devia*
19317242216C4A7...
GABRIEL DEVIA